UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | No. 1:10-cr-00138-SEB-DKL |
| | ) | |
| JEANETTE MCFARLAND, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge=s Report And Recommendation

This matter is before the undersigned magistrate judge according to the Order entered by the Honorable Sarah Evans Barker, District Judge, on October 22, 2012, designating the criminal duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed with the Court August 31, 2012, and the Supplemental Petition for Warrant or Summons for Offender Under Supervision filed with the Court on October 17, 2012 (together, "Petitions"), and to submit to Judge Barker proposed findings of fact and recommendations for disposition under 18 U.S.C. ' 3583(e).

The magistrate judge held an initial hearing on the Petitions on October 19, 2012, and a revocation hearing on October 23, 2012, in accordance with Title 18 U.S.C. ' 3583 and Rule 32.1 of the *Federal Rules of Criminal Procedure.*[1]  At the initial hearing, Ms. McFarland appeared in person and by appointed counsel, Mike Donahoe; the government appeared by Joe Vaughn and MaryAnn Mindrum, Assistant United States Attorneys; and Troy Adamson, U. S. Parole and Probation officer, appeared and participated in the proceedings.   The following matters were addressed at that hearing:

---

[1]   All proceedings are recorded by suitable sound recording equipment unless otherwise noted.  *See,* Title 18 U.S.C. Subsection 3401(e).

1

1. Mike Donahoe, Indiana Federal Community Defender=s Office, was appointed to represent Ms. McFarland in regard to the pending Petitions.

2. Copies of the Petitions were provided to Ms. McFarland and her counsel, who informed the court that they had read and understood the specifications of violations and waived further reading thereof.

3. Ms. McFarland was advised:

   (a) of her right to remain silent and her right to counsel;

   (b) of the charges against her as specified in the Petitions;

   (c) of her right to a preliminary hearing and its purpose in regard to the alleged specified violations of her supervised release contained in the pending Petitions, including her right to appear at the preliminary hearing and present evidence on her own behalf, and her right to question witnesses against her at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses;

   (d) that if the preliminary hearing resulted in a finding of probable cause that Ms. McFarland had violated a condition or conditions of her supervised release as set forth in the Petition, she would be held for a revocation hearing; and

   (e) of her right to a detention hearing and her burden of demonstrating at a detention hearing by clear and convincing evidence that she will not flee or pose a danger to any other person or the community.

4. Ms. McFarland stipulated that there is a basis in fact to hold her on the specifications of violation of supervised release set forth in the Petitions.   Ms. McFarland orally waived the preliminary hearing, and that waiver was accepted by the Court.

5.     The magistrate judge set this matter for a detention hearing on October 23, 2012, except that in the event District Judge Barker referred the matters set forth in the Supplemental Petition to the magistrate judge for findings of fact and recommendations as to disposition, the October 23 hearing would proceed as a revocation hearing.   Ms. McFarland was remanded to the custody of the United States Marshal pending that hearing.

6.     By orders dated September 5, 2012, and October 22, 2012, District Judge Barker directed the duty magistrate judge to conduct the hearing on the Petitions and to submit to her proposed findings of fact and recommendations for disposition under 18 U.S.C. § 3583(e).

On October 23, 2012, the court held a revocation hearing on the Petitions.   The defendant appeared in person and by appointed counsel Mike Donahoe.   The government appeared by Assistant United States Attorneys Nick Surmacz and MaryAnn Mindrum.   The United States Probation Office was represented by Troy Adamson.

1.     Ms. McFarland, by counsel, stipulated that she was prepared to admit the specifications of violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court on August 31, 2012 as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not illegally possess a controlled substance."** |
| 2 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| 3 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| | On May 1, 2012, the offender advised she used powder cocaine and crack cocaine in March to help her deal with some personal issues. |

3

>>A drug test collected by this officer on May 8, 2012, was negative for cocaine. The offender admitted her relapse to this officer and began attending outpatient drug treatment.
>
>>On August 20, 2012, the offender tested positive for cocaine and admitted using crack cocaine. On August 27, 2012, the offender also admitted to the probation officer she used crack cocaine the weekend of August 25, 2012.

2. Ms. McFarland, by counsel, stipulated that she was prepared to admit the specifications of violations set forth in the Supplemental Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court on October 17, 2012 as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| **5** | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| | On October 15, 2012, the defendant advised she used crack cocaine on October 11, 2012. Results from a drug test collected by this officer on October 15, 2012, are pending. |

3. Ms. McFarland was further advised of her right to a hearing on the specified violations, and she confirmed that she made the decision to waive her right to a hearing and admit the violations voluntarily and knowingly, that no promises had been made in return for her waiver, that she had conferred with counsel, and that she was satisfied with counsel's representation. The court further advised her that the magistrate judge's recommended disposition would not be binding unless adopted by the district judge.

4. The court placed Ms. McFarland under oath and she admitted the violations numbered 1, 2, 3, and 5 above.

5. The magistrate judge finds that Ms. McFarland committed the violations specified in numbers 1, 2, 3, and 5 of the Petitions.

6. The parties stipulated the following:

(a) Ms. McFarland has a relevant criminal history category of III. *See* U.S.S.G. ' 7B1.4(a).

(b) The most serious grade of violation committed by Ms. McFarland constitutes a Grade B violation, under U.S.S.G. ' 7B1.1(b).

(c) Under U.S.S.G. ' 7B1.4(a), upon revocation of supervised release the range of imprisonment applicable to Ms. McFarland would be 8 to 14 months imprisonment.

7. The magistrate judge then heard testimony and argument regarding the appropriate disposition of the case, and having heard and considered the testimony and argument, makes the following findings and recommendations:

(a) The United States presented uncontroverted evidence that during 2012 Ms. McFarland has relapsed in her use of cocaine. Her probation officer, Troy Adamson, testified that Ms. McFarland had done well in the first two years of her supervised release, but that he learned through Ms. McFarland's self- reporting and reports of her parents that during the spring of 2012 she began using cocaine again, had stolen from her employer twice to purchase cocaine, and that her parents often lost contact with her. She tested positive for cocaine in October 2012. She also remarked to Officer Adamson that she wanted to "be gone" and "hide out."

(b) During the period of her supervised release, Ms. McFarland has consistently participated in out-patient drug counseling in Wayne County. She was employed until her recent misconduct and has actively pursued her bachelor's degree at Indiana University East at Richmond. She testified that she has two semesters remaining to earn her degree in psychology. She further testified that she has been diagnosed with bipolar disorder and was reluctant to take the recommended medication for it but is now willing to do so.

      (c)    Following her relapse and before her arrest on the Petitions, Officer Adamson recommended that Ms. McFarland reside for a time at a half-way house such as Volunteers of America. She resisted doing so because she did not want to interrupt her fall semester at IU-East. Later, she withdrew from classes in light of the arrest warrant issued on the Petitions.

      (d)    Ms. McFarland requests that she be released without modification of the terms of her supervised release or that she be required to reside at a residential re-entry facility for only a brief period so that she can resume her studies. The magistrate judge finds that these alternatives do not provide an adequate sanction for her violations and would not adequately address her addiction.

      (e)    The United States requests that Ms. McFarland's supervised release be revoked and that she be imprisoned for 8 to 14 months. The magistrate judge finds that imprisonment is not the most appropriate sanction for Ms. McFarland's violations and, more importantly, that it is not the most appropriate means for addressing the core problems that led to her violations.

The magistrate judge RECOMMENDS that the conditions of Ms. McFarland's supervised release be modified to add the following requirements. Ms. McFarland must (1) reside at Volunteers of America for up to six months but not less than the remainder of the period of her supervised release, calculated by the United States Probation Office to be until on or around February 15, 2013, during which period she must participate in in-patient substance abuse therapy and follow all rules of VOA and the USPO[2]; (2) participate in all recommended treatment for

---

[2] If the USPO in its judgment believes that the period of residence at VOA should extend beyond the end of the period of supervised release, the term of the commitment to VOA can be up

6

bipolar disorder, including medication; (3) register for and attend classes for the spring 2013 semester at IUPUI; (4) while at VOA make arrangements to complete the semester at IUPUI upon release from VOA; and (5) participate in out-patient drug treatment at Living Pathways (or other program approved by the USPO) following release from VOA.

The court further ORDERS that Ms. McFarland remain in custody pending the District Judge's action on these proposed findings and recommendations.

The magistrate judge requests that Troy Adamson, U. S. Parole and Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, District Judge, as soon as practicable, a judgment and commitment order in accordance with these proposed findings and recommendations for disposition.

You are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. ' 636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*.   You have within fourteen (14) days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings and recommendations of this magistrate judge.   If written objections to the magistrate judge=s proposed findings and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

**WHEREFORE,** the undersigned magistrate judge **RECOMMENDS** the Court adopt the above report and recommendation modifying Ms. McFarland=s conditions of supervised release.

---

to six months if the USPO so requests.

**IT IS SO RECOMMENDED.**

Date: 10/26/2012

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Joe Vaughn
MaryAnn Mindrum
Assistant United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Mike Donahoe
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal